# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| CONNIE FLOYD, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 4:14CV00254 AGF |
| METROPOLITAN LIFE INSURANCE COMPANY, | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff Connie Floyd's motion for limited discovery. Relying on *Metropolitan Life Insurance Co. v. Glenn,* 554 U.S. 105 (2008) ("*Glenn*"), Plaintiff asks the Court to require Defendant Metropolitan Life Insurance Company to produce sections of its claims handling manual, best practices manual, or similar documents. For the reasons set forth below, Plaintiff's motion shall be denied.

## BACKGROUND

On February 13, 2014, Plaintiff filed a complaint in this Court seeking payment of disability income benefits. The following facts are not disputed by either party. As an employee of Ashland Inc. ("Ashland"), Plaintiff participated in Ashland's long term disability insurance plan ("Plan"), an employee welfare benefit plan as defined by the Employee Retirement Income Security Act of 1974 ("ERISA"). Defendant is the claims administrator for the Plan and possesses discretionary authority to determine eligibility

1

for benefits both initially and on appeal. Plaintiff was found disabled by Defendant (or a previous claims administrator) for the period from November 24, 2009, to November 23, 2011. On December 23, 2009, the Social Security Administration ("SSA") found that the Plaintiff had a condition that was of equal medical severity to SSA listing 3.02A for Chronic Pulmonary Insufficiency and awarded Social Security Disability Insurance benefits to Plaintiff.

On August 8, 2011, Defendant informed Plaintiff that her disability benefits under the Plan would continue after November 23, 2011. Defendant requested updated financial statements and medical records from Plaintiff on August 6, 2012, and Plaintiff failed to respond to the request. On November 19, 2012, Defendant informed Plaintiff that her benefits would be terminated because she had failed to provide the requested documents. Plaintiff appealed and provided Defendant with updated financial statements and medical records. On February 7, 2013, Defendant confirmed its decision to terminate Plaintiff's benefits, finding that the updated medical records established that Plaintiff would be able to perform work within the limits prescribed by her doctor, given her training, education, experience, and local labor market conditions. Plaintiff again appealed Defendant's determination, and Defendant upheld its termination of Plaintiff's benefits on October 3, 2013.

Plaintiff contends that Defendant's determinations had no rational support, and were contrary to the SSA finding that Plaintiff was disabled. Plaintiff seeks payment of monthly disability payments retroactive to November 19, 2012, plus prejudgment interest on all overdue payments.

Plaintiff alleges in her complaint that Defendant underwrote and insured the Plan. However, in its answer, Defendant denies that it underwrote or insured the Plan.

Plaintiff now asks the Court to require Defendant to produce the sections of its claims handling manual, best practices manual, or similar documents which give guidance to Defendant on how to make decisions on disability claims when (i) the SSA has approved the beneficiary's claim for disability, (ii) the beneficiary's conditions meet the severity of an SSA listing, or (iii) the claim involves asthma or other pulmonary conditions. Plaintiff also asks the Court to require Defendant to produce the above-noted documents which give guidance to Defendant's third-party medical experts on how to make decisions on disability claims involving asthma or other pulmonary conditions.

Plaintiff contends that such discovery is necessary to determine how Defendant handled similar cases and whether Defendant followed its own procedures. Relying on *Glenn* and *Sampson v. Prudential Insurance Co. of America,* No. 4:08-CV-1290 (CDP), 2009 WL 882407, at *2 (E.D. Mo. March 26, 2009), Plaintiff argues that discovery is needed to explore whether Defendant had a conflict of interest.

In opposition to Plaintiff's motion for limited discovery, Defendant argues that there is no conflict of interest in the present case because even though Defendant is responsible for claim determinations both initially and on appeal, Ashland is responsible for the payment of claims. Defendant attaches their administrative services agreement with Ashland as evidence that Ashland retained financial responsibility for the payment of claims. The administrative services agreement states that "Plan Benefits are funded by [Ashland]'s own funds and not pursuant to any insurance contracts . . . . [L]iability for

Plan Benefits is always the obligation of [Ashland] and in no event shall [Defendant] be liable for any amount of Plan Benefits or other payments made or owed by [Ashland] to Participants." (Doc. No. 11-1 at 11.)

## **DISCUSSION**

"When an ERISA plan gives the plan administrator discretionary authority to determine eligibility for benefits, [courts] generally review the administrator's decision for an abuse of discretion." *LaSalle v. Mercantile Bancorporation, Inc. Long Term Disability Plan*, 498 F.3d 805, 808-09 (8th Cir. 2007) (citing *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989)). Under this discretionary standard, a federal district court considers whether "the administrator's decision is supported by such relevant evidence that a reasonable mind might accept as adequate to support such a conclusion." *Id.* at 809. "'[T]he general rule is that review is limited to evidence that was before the administrator,'" and thus, the parties may not request discovery of materials outside of the administrative record. *Atkins v. Prudential Ins. Co.*, 404 F. App'x 82, 84-85 (8th Cir. 2010) (quoting *Jones v. ReliaStar Life Ins. Co.,* 615 F.3d 941, 945 (8th Cir. 2010)).

When determining whether a plan administrator abused its discretion in denying benefits, a plan administrator's conflict of interest is one factor that a reviewing judge must take into account. *Khoury v. Grp. Health Plan, Inc.*, 615 F.3d 946, 953 (8th Cir. 2010) (citing *Glenn*, 554 U.S. at 116).

In *Glenn*, the Supreme Court held that a conflict of interest exists when either an employer or an insurance company administrator is responsible for both determining

4

benefit eligibility and paying benefits out of its own pocket. 554 U.S. at 114-15. The Eighth Circuit has "'not yet decided whether *Glenn* affects discovery limitations under ERISA.'" *Ennis v. Prudential Ins. Co. of America*, No. 4:12-CV-432 (SNLJ), 2013 WL 203293, at *1 (E.D. Mo. January 17, 2013) (quoting *Atkins*, 404 F. App'x at 85). Courts in the Eastern District of Missouri, however, have permitted discovery to determine whether a conflict of interest exists. *Buzzanga v. Life Ins. Co. of N. Am.,* No. 4:09-CV-1353 (CEJ), 2010 WL 1141344, at *2 (E.D. Mo. March 22, 2010) (collecting cases).

As noted above, Plaintiff seeks benefits under a plan governed by ERISA in which Defendant has been given discretionary authority to determine eligibility for benefits. Thus, this Court will review Defendant's determination of Plaintiff's benefit eligibility for abuse of discretion.

Plaintiff seeks discovery pursuant to *Glenn* and *Sampson*, two cases in which the plaintiff alleged conflicts of interest. However, the conflict of interest analysis does not apply to this case. As noted above, Defendant is responsible for determining benefit eligibility, but Ashland retains responsibility for paying benefits. Plaintiff has not provided any evidence that Defendant underwrites, insures, or funds Ashland's long term disability insurance plan, and Defendant's administrative services agreement states that Ashland retains complete financial liability for plan benefits.

Under the discretionary standard, in the absence of a conflict of interest, this Court will deny Plaintiff's discovery request because Plaintiff seeks documents that are outside of the administrative record. *See Atkins*, 404 F. App'x at 84-85.

## CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's motion for limited discovery is **DENIED**. (Doc. No. 10.)

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 9th day of October, 2014.